993 So.2d 349 (2008)
Louis SAVOY, and his Wife, Joan Savoy
v.
STATE FARM FIRE AND CASUALTY COMPANY, Ben Guillory and American Home Assurance Company.
No. 2008-CA-0182.
Court of Appeal of Louisiana, Fourth Circuit.
October 1, 2008.
*350 J. Douglas Sunseri, Nicaud, Sunseri & Fradella, L.L.C., Metairie, LA, for Louis Savoy and Joan Savoy.
Robert J. David, Jr., Sue Nations, Michelle K. Buford, Juneau Law Firm, LaFayette, LA, for American Home Assurance Company.
Burt K. Carnahan, Pamela K. Richard, Charles R. Rumbley, Lobman Carnahan Batt Angelle & Nader, New Orleans, LA, for State Farm Fire and Casualty Company and Ben Guillory.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, Judge MAX N. TOBIAS, JR., Judge DAVID S. GORBATY, Judge Pro Tempore MOON LANDRIEU).
MOON LANDRIEU, Judge Pro Tempore.
The plaintiffs, Louis and Joan Savoy ("the Savoys"), appeal a summary judgment rendered in favor of the defendant, State Farm Fire and Casualty Company ("State Farm"), dismissing their claims against State Farm with prejudice. The Savoys also appeal two judgments rendered in favor of the defendants, Ben Guillory ("Mr. Guillory"), a State Farm agent, and American Home Assurance Company, dismissing their claims against them on an exception of peremption and an exception of no cause of action. We affirm.

FACTS AND PROCEDURAL HISTORY
On February 2, 2006, the Savoys filed a complaint in the United States District Court for the Eastern District of Louisiana *351 asserting claims against State Farm, their homeowner's insurer, for damages to their residence and personal contents as a result of Hurricane Katrina. The only basis for federal jurisdiction asserted by the Savoys was diversity of citizenship. In the initial complaint, the Savoys alleged that in June 2005, they asked Mr. Guillory to increase the limits of wind damage coverage under their homeowner's policy and the limits for flood damage under their flood policy, which was issued by the National Flood Insurance Program ("NFIP").[1] The Savoys claimed that Mr. Guillory increased the wind damage coverage under their State Farm policy but failed to increase the flood coverage under their NFIP policy. They further alleged that State Farm was liable for damages pursuant to La. R.S. 22:658 and La. R.S. 22:1220 for failing to timely pay property damage and additional living expenses under their homeowner's policy and for breaching its duty to act in good faith in adjusting their claim. On June 21, 2006, the Savoys amended their complaint to name Mr. Guillory and American Home Assurance Company, his errors and omissions insurer, as defendants.
On April 26, 2007, the Savoys settled all of their claims against State Farm under their homeowner's policy, including any claims for damages under La. R.S. 22:658 and 22:1220. Thereafter, on June 18, 2007, the federal district court dismissed the Savoys' remaining claims for lack of jurisdiction.[2]
Meanwhile, on May 18, 2007, the Savoys filed suit, in Civil District Court for the Parish of Orleans against State Farm, Mr. Guillory, and American Home, asserting the same claims as alleged in the federal suit. State Farm filed a motion for summary judgment, arguing that Mr. Guillory, acting in his capacity as a State Farm agent, was an independent contractor and, thus, it could not be held liable for his actions. Mr. Guillory and American Home filed an exception of peremption, arguing that the Savoys' claim against them for failure to increase the limits of flood coverage under their NFIP policy was perempted pursuant to La. R.S. 9:5606. They also raised an exception of no cause of action arguing that considering the Savoys were charged with having constructive knowledge of the provisions of the NFIP, the petition failed to state a cause of action because they could not justifiably rely on Mr. Guillory's alleged conduct in leading them to believe that their flood policy limits had been increased prior to Hurricane Katrina.
Following a hearing, the trial court granted the motion for summary judgment and the exceptions, dismissing the Savoys' claims with prejudice.

LAW AND DISCUSSION
Although the Savoys assert three assignments of error in their appeal brief, the dispositive issue is whether their claims against Mr. Guillory are perempted pursuant to La. R.S. 9:5606.
The Savoys first turn to federal law, which they assert trumps state law, and argue peremption was interrupted or suspended by the service of process of the amended complaint upon Mr. Guillory within one year of Hurricane Katrina. The Savoys further assert that their original complaint filed in federal court was based on diversity and federal question *352 jurisdiction, and thus federal court was a court of competent jurisdiction. They contend that the federal judge determined that the claim did not involve a federal question and declined to further extend supplemental jurisdiction.
In support of their position, the Savoys point to 28 U.S.C.A. 1367.[3] Subsection (a) of § 1367 is subject to exceptions set forth in subsections (b) and (c). Subsection (b) allows the court to exercise supplemental jurisdiction only if it maintains diversity jurisdiction over the claim, which it did not have once Mr. Guillory, a Louisiana citizen, was added as a defendant. Further, the decision to dismiss the federal court suit was not a discretionary dismissal pursuant to subsection (c). Lastly, subsection (d) is not applicable because the court could not exercise supplemental jurisdiction. The original complaint alleged federal jurisdiction based solely on diversity of citizenship. Further, a minute entry indicates that the federal judge informed the parties that she did not have jurisdiction to hear the suit, and a judgment of dismissal signed on June 18, 2007 states the same. There is no support in the federal court record that the federal court entertained the issue of federal question jurisdiction, or that it declined to extend its supplemental jurisdiction pursuant to 28 U.S.C.A. 1367. Accordingly, the claims against Mr. Guillory and American Home Assurance Company were not filed in a court of competent jurisdiction within one year of Mr. Guillory's alleged negligence. The Savoys' argument that their lawsuit in state court is still viable based on federal law is without merit.
Having decided that federal law is inapplicable to the case at hand, we now examine the applicable Louisiana Law. La. R.S. 9:5606, relevant to actions for professional insurance agent liability, provides:
A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an *353 engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended. [Emphasis added.]
The Savoys again argue that the peremptive period was suspended by the filing of their lawsuit in federal court. They base this argument on comment (c) to La. Civ.Code art. 3461 and La. Civ.Code art. 3462.
Louisiana Civil Code art. 3461, Revision Comments1982, (c) provides:
In contrast with prescription, peremption may be neither interrupted nor suspended. [citations omitted]
Nevertheless, when an action asserting a right subject to peremption has been commenced or served as provided in Article 3462, the right has been exercised and so long as the action is pending the lapse of the period of peremption does not extinguish the right.
Louisiana Civil Code art. 3462 provides:
Prescription is interrupted when the owner commences an action against the possessor, or when the obligee commences an action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.
The Savoys again argue that peremption was interrupted or suspended by service of process on Mr. Guillory within one year of Hurricane Katrina, and that the suit against State Farm was filed in a court of competent jurisdiction based on a federal question and diversity.
Louisiana Civil Code Art. 3461 states that peremption may not be renounced, interrupted, or suspended. Civil Code Art. 3458 provides that peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. Additionally, La. R.S. 9:5606 D clearly states that "[t]he one-year and three-year periods of limitation ... may not be renounced, interrupted, or suspended."
State Farm argues that La. Civ.Code art. 3462 applies only to prescription, not peremption, and falls within Chapter 2 of Title XXIV entitled "Interruption and Suspension of Prescription." Further, the non-authoritative revision comment relied upon by the Savoys suggests that La. Civ. Code art. 3461 could also apply to peremption, however, the text of the codal provision does not express such intent.
It is well-settled that revision comments to codal articles are not the law but *354 are merely interpretations by the Louisiana State Law Institute as to how the codal provisions should be applied. See Royal v. Cook, 07-1465, p. 7, fn 7 (La.App. 4 Cir. 4/23/08), 984 So.2d 156, 163-164. Further, Louisiana courts have consistently rejected the argument that a peremptive period can be interrupted upon filing suit in an incompetent court where service of process is timely made on a defendant.
In Pounds v. Schori, 377 So.2d 1195 (La.1979), the Supreme Court analyzed La. R.S. 9:5801, the precursor to La. Civ.Code art. 3462, and found that peremption was not interrupted by timely service of process upon a defendant in a matter brought in a court of incompetent jurisdiction. The Court stated:
Our jurisprudence has long recognized a major distinction between a statute of limitations (prescription) and a peremption. It has been repeatedly held that prescription bars the remedy sought to be enforced and terminates the right of access to the courts for enforcement of the existing right. A peremptive statute, however, totally destroys the previously existing right with the result that, upon expiration of the prescribed period, a cause of action or substantive right no longer exists to be enforced.
Id. at 1198.
Applying the Pounds holding to the facts of this case clearly supports the trial court's dismissal of the Savoys' lawsuit. Peremptive statutes do not allow for interruption or suspension, and La. R.S. 9:5606 is a peremptive statute. The Savoys' right of action was extinguished when the peremptive period expired, at the latest, on September 9, 2006 (which was one year from the date on which the Savoy's discussed their flood policy limits issue with a State Farm claims representative). The Savoys' state court suit was not filed until over eight months after the peremptive period had run.

CONCLUSION
Because we find that the Savoys' claims against Mr. Guillory and American Home Assurance Company are perempted, we pretermit discussion of their assignment of error on the granting of the exception of no cause of action. Additionally, because the suit against Mr. Guillory and American Home Assurance Company was properly dismissed, no liability may be imputed to State Farm. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] As their State Farm agent, Mr. Guillory assisted the Savoys with regard to both policies.
[2] Mr. Guillory, like the Savoys, was a Louisiana citizen. Thus, diversity jurisdiction was lost when the Savoys' amended their complaint to name Mr. Guillory as a defendant.
[3] 28 U.S.C.A. 1367 provides in pertinent part:

(a) Except as provided in subsections (b) and (c) ..., in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution ...
(b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs asserted against persons made parties under Rules 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.
(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if
(1) the claim raises a novel or complex issue of State Law.
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction.
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
(d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.